# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Toney A. White,

Plaintiff,

vs.

Gregory Bryan, *et al.*,

Defendants.

Case No. 2:21-cv-01259-RFB-MDC

**ORDER DEFERRING RULING ON MOTION TO STAY DISCOVERY (ECF NO. 302) AND MOTION FOR ORDER DIRECTING FORMER COUNSEL TO PRODUCE FILE AND FOR SANCTIONS (ECF NO. 304)**

The Court has reviewed plaintiff's *Motion to Stay Discovery* (ECF No. 302) ("Motion to Stay") and *Motion For Order Directing Former Counsel Eric R. Olsen To Produce File and For Sanctions* (ECF No. 304) ("Motion for Client File"). Both motions are largely predicated on plaintiff's assertion that he cannot evaluate the status of his claims because his former counsel, Eric R. Olsen, Esq., has not given him a complete copy of the litigation file, including for discovery. Mr. Olsen did not respond to plaintiff's Motion for Client File but it appears that Mr. Olson may not have received a copy. Plaintiff states that he served his Motion for Client File to Mr. Olsen via CM/ECF. *ECF No. 304*. However, plaintiff's *Motion to Withdraw* was granted on 5/22/26 (ECF No. 298), and Mr. Olsen was removed from CM/ECF service on this matter. Therefore, the Court will direct the Clerk of Court to accomplish service to Mr. Olsen as stated below.

Mr. Olsen's response to plaintiff's Motion for Client File is necessary for the Court to make a fully informed decision on the issues raised by plaintiff's motion and the status of discovery. Accordingly, Mr. Olsen shall file a response to plaintiff's Motion for Client File by **November 13, 2026**. Failure to do so may result in the Court granting plaintiff's motion outright, including his request for sanctions.

In order to ensure that Mr. Olsen receives notice, the Clerk of Court is kindly directed to please serve Mr. Olsen a copy of this Order and plaintiff's *Motion For Order Directing Former Counsel Eric*

*R. Olsen To Produce File and For Sanctions* (ECF No. 304) via email to eolsen@gtg.legal and U.S. Mail to "Eric R. Olsen, Garman Turner Gordon, 650 White Drive Suite 100, Las Vegas, NV 89119."

Given the foregoing, the Court further defers ruling on plaintiff's motions (ECF Nos. 302, 304) at this time, pending Mr. Olsen's response to the Motion for Client File.

Accordingly,

**IT IS ORDERED** that:

1. Eric R. Olsen, Esq. shall file a response to plaintiff's *Motion For Order Directing Former Counsel Eric R. Olsen To Produce File and For Sanction* (ECF No. 304) by **November 13, 2026**.
2. The Clerk of Court is kindly directed to serve Mr. Olsen a copy of this Order and plaintiff's *Motion For Order Directing Former Counsel Eric R. Olsen To Produce File and For Sanctions* via email to eolsen@gtg.legal and U.S. Mail to "Eric R. Olsen, Garman Turner Gordon, 650 White Drive Suite 100, Las Vegas, NV 89119."
3. Rulings on plaintiff's *Motion to Stay Discovery* (ECF No. 302) and *Motion For Order Directing Former Counsel Eric R. Olsen To Produce File and For Sanctions* are **DEFERRED**, pending Mr. Olsen's response as outlined in this Order.
4. Failure of Mr. Olsen to timely file a response may result in the Court granting plaintiff's *Motion For Order Directing Former Counsel Eric R. Olsen To Produce File and For Sanction* outright, including his request for sanctions.

DATED: October 29, 2026.

IT IS SO ORDERED

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.